**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ROTATABLE TECHNOLOGIES LLC,** | |
| **Plaintiff,** | |
| **v.** | |
| 1.  **PETROLEUM GEO-SERVICES INC.;** <br> 2.  **PLAINSCAPITAL CORP.;** <br> 3.  **RACKSPACE HOSTING INC.;** <br> 4.  **SCHLUMBERGER TECHNOLOGY CORP.;** <br> 5.  **TEXAS INSTRUMENTS INC.; AND** <br> 6.  **TXU ENERGY RETAIL COMPANY LLC.,** | **CIVIL ACTION NO. 2:13-cv-177** <br><br> **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action for patent infringement in which Rotatable Technologies LLC ("Rotatable Technologies") makes the following allegations against Petroleum Geo-Services Inc.; PlainsCapital Corp.; Rackspace Hosting Inc.; Schlumberger Technology Corp.; Texas Instruments Inc.; and TXU Energy Retail Company LLC. (collectively, "Defendants"):

## PARTIES

1.     Rotatable Technologies is a limited liability company formed under the laws of the State of Texas with a principle place of business located at 815 Brazos Street, Suite 500, Austin, Texas 78701.

2.     Defendant Petroleum Geo-Services Inc. ("Geo-Services") is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at 15150 Memorial Dr., STE. 1009, Houston, Texas 77079-4321. Petroleum Geo-

Services can be served via its registered agent for service of process: C T Corporation System, 350 N. ST. Paul Street, STE. 2900, Dallas, Texas 75201.

3.      Defendant PlainsCapital Corporation ("PlainsCapital") is a corporation organized and existing under the laws of the State of Maryland with a principle place of business located at 2323 Victory Avenue, Suite 1400, Dallas, Texas 75219. PlainsCapital can be served via its registered agent for service of process: Corporation Service Company, d/b/a/ CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant Rackspace Hosting Inc. ("Rackspace") is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at 5000 Walzem Rd., Windcrest, Texas 78218-2117. Rackspace can be served via its registered agent for service of process: Capitol Corporate Services Inc., 800 Brazos, Suite 400 Austin, Texas 78701.

5.      Defendant Schlumberger Technology Corporation ("Schlumberger") is a corporation organized and existing under the laws of the State of Texas with a principle place of business located at 1200 Enclave Pkwy., # MD323, Houston, Texas 77077-1764. Schlumberger can be served via its registered agent for service of process: National Registered Agents Inc., 1021 Main Street, Suite 1150, Houston, Texas 77002.

6.      Defendant Texas Instruments Inc. ("TI") is a corporation organized and existing under the laws of the State of Delaware with a principle place of business located at 12500 TI Boulevard, Dallas, Texas 75243. TI can be served via its registered agent for service of process: Joseph F. Hubach, 13588 North Central Expressway, Research East Building, Dallas, Texas 75243.

7.     Defendant TXU Energy Retail Company LLC ("TXU") is a corporation organized and existing under the laws of the State of Texas with a principle place of business located at 1601 Bryan St., Dallas, Texas 75201-3430. TXU can be served via its registered agent for service of process: C T Corporation System, 350 N. Saint Paul Street, STE 2900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

8.     This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284 - 85, among others. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

10.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

11.     Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299(a) at least because each Defendant's infringing products includes, complies with, and/or utilizes the iOS operating system, the practice of which by each Defendant necessarily results in infringement of the patent-in-suit.  In addition, questions of fact common to all of the Defendants will arise in the action at least because, upon information and belief, Defendants' infringing acts arise from their common acts of including, complying with and/or utilizing the iOS operating system. Each of the

Defendants' iOS applications made the basis of this suit are only available for download in the Apple App Store.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,326,978

12.     On December 4, 2001, United States Patent No. 6,326,978 (the "'978 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Display Method for Selectively Rotating Windows on a Computer Display". A true and correct copy of the '978 patent is attached hereto as Exhibit A.

13.     Rotatable Technologies is the owner of the '978 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '978 patent against infringers, and to collect damages for all relevant times.

14.     Geo-Services directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least PGS Events Mobile Application for iOS) that infringed one or more claims of the '978 patent.

15.     PlainsCapital directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the PlainsCapital Bank Mobile Banking Mobile Application for iOS) that infringed one or more claims of the '978 patent.

16.     Rackspace directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Rackspace Cloud Notes Mobile Application for iOS) that infringed one or more claims of the '978 patent.

17.     Schlumberger directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Schlumberger Technology Corporation InterACT, and Quick Calc Mobile Applications for iOS) that infringed one or more claims of the '978 patent.

18.     TI directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Texas Instruments Inc. TI SensorTag Mobile Application for iOS) that infringed one or more claims of the '978 patent.

19.     TXU directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the TXU Energy Retail Company LLC Mobile Application for iOS) that infringed one or more claims of the '978 patent.

## JURY DEMAND

Rotatable Technologies hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Rotatable Technologies requests that the Court find in its favor and against Defendants, and that the Court grant Rotatable Technologies the following relief:

a.      Judgment that one or more claims of the '978 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

active concert therewith from infringement, inducing infringement of, or contributing to infringement of the '978 patent;

      c.      Judgment that Defendants account for and pay to Rotatable Technologies all damages and costs incurred by Rotatable Technologies, caused by Defendants' infringing activities and other conduct complained of herein;

      d.      That Rotatable Technologies be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

      e.      That this Court declare this an exceptional case and award Rotatable Technologies reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

      f.      That Rotatable Technologies be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 25, 2013

                          Respectfully submitted,

                          By: */s/ Austin Hansley*
                          **AUSTIN HANSLEY P.L.L.C.**
                          Austin L. Hansley
                          Texas Bar No.: 24073081
                          5050 Quorum Dr. Suite 700
                          Dallas, Texas 75254
                          Telephone:    (469) 587-9776
                          Facsimile:    (855) 347-6329
                          Email: Austin@TheTexasLawOffice.com
                          www.TheTexasLawOffice.com
                          **ATTORNEY FOR PLAINTIFF**
                          **ROTATABLE TECHNOLOGIES LLC**